Derrick BUSH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0907–CR–682.

Court of Appeals of Indiana.

July 6, 2010.

Barbara J. Simmons, Oldenburg, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephen Tesmer, James E. Porter, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

The State petitions this court for rehearing of our opinion dated April 27, 2010. In that opinion, we held the canine sniff and resulting warrantless search of Derrick Bush's automobile violated the Fourth Amendment because the State did not meet its burden of showing the traffic stop was not unreasonably prolonged or there was independent reasonable suspicion to justify the canine sniff. *Bush v. State*, 925 N.E.2d 787, 791–92 (Ind.Ct.App.2010). In its petition for rehearing, the State argues this ground for reversal was waived because: 1) Bush did not argue to the trial court that his detention was unreasonably prolonged; and 2) Bush's appellant's brief did not address the duration of his detention or the legality of the canine sniff. We grant rehearing for the purpose of clarifying the procedural history of this case and addressing the State's claim of waiver, but in all other respects affirm our original opinion.

At trial, Bush repeatedly objected to admission of evidence of the handgun, arguing it was obtained through search and seizure unlawful under the United States and Indiana Constitutions. It is well settled that a party may not object to the admission of evidence "on one ground at trial and seek reversal on appeal using a different ground." *Malone v. State*, 700 N.E.2d 780, 784 (Ind.1998).

Bush's most specific objection to evidence of the handgun was as follows:

> I don't think that the officers ... have reasonable suspicion.... to search the car given the fact that they had to call for backup, they detained it.... Numerous case law says that there has to be reasonable suspicion to do a dog sniff of the car, to which nothing was articulated as for the reasonable suspicion to do the dog sniff. The fact that the passenger had a warrant out for his arrest has nothing to do with if there's any ... evidence of crimes within the car. That's just not enough, your Honor, and ... the fact that they detained [Bush], called the canine unit to do a dog sniff, violated [Bush]'s rights under the U.S. Constitution of Fourth Amendment rights and under the Indiana Constitution, Article One, Section Eleven....

Transcript at 32. Bush's objection referred not only to the lack of reasonable suspicion but also to Bush's detention, thereby raising the issue of whether the detention was unreasonably prolonged. We conclude the trial objection was sufficient to preserve the Fourth Amendment issue for appeal, including the dual aspects of the duration of Bush's detention and whether there was reasonable suspicion to expand the traffic stop by conducting a canine sniff. *See Chest v. State*, 922 N.E.2d 621, 624 (Ind.Ct.App.2009) (concluding search and seizure issue was not waived when appellant's "argument on appeal [was] naturally more detailed than that raised at the spur of the moment during the trial, but it [was] the same argument").

On appeal, Bush also argued the warrantless automobile search violated the Fourth Amendment and Article 1, section 11. Bush's appellant's brief cited the general Fourth Amendment rule against warrantless searches and contended that, based on *Arizona v. Gant*, —— U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the exception for an automobile search incident to a recent occupant's arrest was inapplicable to the present case. The State's brief did not cite or discuss *Gant* but contended the applicable exception was probable cause as supplied by the positive alert of the drug-detecting canine, citing *Illinois v. Caballes*, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). At oral argument, Bush replied to the State's contention by contending the canine·sniff of his automobile took place after the purpose of the traffic stop was complete, and thus, the canine sniff was not reasonable under *Caballes* and Indiana cases applying *Caballes*. We agreed with Bush, for the reasons stated in our original opinion.

In its petition for rehearing, the State correctly points out that this court cannot reverse on issues raised sua sponte unless the grounds for reversal constitute fundamental error. *Ashworth v. State*, 901 N.E.2d 567, 572 n. 3 (Ind.Ct.App.2009), *trans. denied.* However, given the parties' arguments as discussed above, we do not regard the reasonableness of Bush's detention and the canine sniff of his automobile as an issue raised sua sponte. The State, by not responding in its brief to Bush's contentions regarding *Gant* and instead focusing its Fourth Amendment argument on the canine sniff as the basis for the warrantless search, impliedly consented to litigating this case on the grounds addressed in our original opinion. It is too late for the State to switch course and insist the warrantless search issue is properly framed only in terms of whether the search was valid under *Gant*.[1] *See State v.*

---

1. The State's petition for rehearing does not argue the search of Bush's automobile was valid under *Gant*.

*Jones,* 835 N.E.2d 1002, 1004 (Ind.2005) (noting "[a] petition for rehearing in the Court of Appeals must rely on the same theory as that advanced in the original brief").

We have carefully considered the State's claims of waiver as presented in its petition for rehearing and find them unpersuasive. We therefore reaffirm our original opinion reversing Bush's conviction of carrying a handgun without a license. Subject to the foregoing clarifications, our opinion is affirmed in all other respects.

BAKER, C.J., and BAILEY, J., concur.