STATE of Indiana, Appellant–Plaintiff,

v.

James S. HOBBS IV, Appellee–Defendant.

No. 19A01–0904–CR–187.

Court of Appeals of Indiana.

Oct. 21, 2009.

Transfer Granted Jan. 7, 2010.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Steven E. Ripstra, Ripstra Law Office, Jasper, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

The State appeals from the trial court's *sua sponte* order excluding from evidence fruits of a warrantless search of James S. Hobbs IV's ("Hobbs") vehicle and the subsequent dismissal of the charges of possession of marijuana [1] and possession of paraphernalia,[2] both as Class A misdemeanors, filed as a result of that search against Hobbs. The State presents the following restated issue for our review: whether the trial court erred by finding that the warrantless search of Hobbs' vehicle, conducted subsequent to his arrest inside his place of employment on an outstanding felony warrant, violated Hobbs' constitutional right to be free from unreasonable search and seizure both under the Fourth Amendment to the United States Constitution and Article 1, section 11 of the Indiana Constitution.

We reverse.

## FACTS AND PROCEDURAL HISTORY

The facts appearing in the probable cause affidavit reveal that on the evening of March 13, 2009, state police officers went to Hobbs' place of employment, Pizza Hut, in Jasper, Indiana, to serve a felony warrant from another county on Hobbs. As they approached, the troopers saw Hobbs exit the restaurant, walk over to his car, and place something inside. Hobbs returned to the restaurant before the troopers could reach the parking lot. The troopers entered the restaurant and arrested Hobbs.

They asked Hobbs for permission to search his vehicle, and Hobbs refused. The troopers then summoned a narcotics detection dog, who conducted an exterior canine sniff of Hobbs' car. The dog alerted to an odor of an illegal narcotic coming from Hobbs' car. The troopers then searched the car and discovered a cooler containing two sets of scales, rolling papers, a box of sandwich bags, and a plant-like material which later proved to be marijuana.

At Hobbs' initial hearing on March 16, 2009, the trial court found probable cause for Hobbs' arrest. The next day, the trial court, *sua sponte*, made a docket entry finding there was no probable cause to charge Hobbs with the offenses because the marijuana and paraphernalia were the fruits of an illegal warrantless search. More specifically, the trial court found the alert of the narcotics detection dog only provided the officers with probable cause to obtain a search warrant for the car. Because the officers did not obtain a search warrant, the trial court ruled the evidence seized during the search should be excluded. The trial court then ordered Hobbs' release on those charges and rescinded his bond. The State filed a motion to correct error and a request for a change of judge. Those motions were denied by the trial court, and the State now appeals.

## DISCUSSION AND DECISION

The State argues that the trial court erred when it found that no probable cause existed for Hobbs' arrest because the warrantless search of his car violated his constitutional right to be free from unreasonable search and seizure under both the Fourth Amendment to the United States Constitution and Article 1, section 11 of the Indiana Constitution.

1. *See* Ind.Code § 35–48–4–11.

2. *See* Ind.Code § 35–48–4–8.3.

The Fourth Amendment protects persons from unreasonable search and seizure, and this protection has been extended to the states through the Fourteenth Amendment. U.S. Const. amend. IV; *Krise v. State,* 746 N.E.2d 957, 961 (Ind. 2001). Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure. *Halsema v. State,* 823 N.E.2d 668, 676 (Ind.2005). When a search or seizure is conducted without a warrant, the State bears the burden of proving that an exception to the warrant requirement existed at the time of the search or seizure. *Id.* Warrantless searches are per se unreasonable subject to a few well-delineated exceptions. *Frensemeier v. State,* 849 N.E.2d 157, 161 (Ind. Ct.App.2006). One such exception is the automobile exception to the warrant requirement. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Although originally based on ready mobility and exigent circumstances, *Coolidge v. New Hampshire,* 403 U.S. 443, 459–60, 91 S.Ct. 2022, 2034–35, 29 L.Ed.2d 564, 579 (1971), exigent circumstances are not required because the mobility of automobiles renders the strict enforcement of the warrant requirement impossible. *California v. Carney,* 471 U.S. 386, 391, 105 S.Ct. 2066, 2069, 85 L.Ed.2d 406, 413 (1985). A vehicle is readily mobile if it is operational, or potentially operational. *Myers v. State,* 839 N.E.2d 1146, 1152 (Ind.2005). "[A] vehicle that is temporarily in police control or otherwise confined is generally considered to be readily mobile and subject to the automobile exception to the warrant requirement if probable cause is present." *Id.*

Police officers need not obtain a search warrant before searching a vehicle they have probable cause to believe contains illegal drugs. *Maryland v. Dyson,* 527 U.S. 465, 466–67, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442, 445 (1999). In cases where there is probable cause to search a vehicle, a search is not unreasonable if it is based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained. *Id.* (quoting *United States v. Ross,* 456 U.S. 798, 809, 102 S.Ct. 2157, 2164–65, 72 L.Ed.2d 572, 584 (1982)).

Here, a narcotics detection dog conducted a canine sniff of the exterior of Hobbs' vehicle and alerted to the presence of contraband. A canine sweep of the exterior of a vehicle does not intrude upon a Fourth Amendment privacy interest, *Illinois v. Caballes,* 543 U.S. 405, 125 S.Ct. 834, 837–38, 160 L.Ed.2d 842, 846–47 (2005), thus, probable cause is not a prerequisite to the use of the narcotics detection dog. *Myers,* 839 N.E.2d at 1150. The narcotics detection dog's alert, on the exterior of Hobbs' vehicle, to the presence of contraband supplied the probable cause necessary for further police investigation of the contents of Hobbs' vehicle. Accordingly, the warrantless search of Hobbs' vehicle does not appear to have contravened the Fourth Amendment as interpreted by our Supreme Court. *Id.* at 1150–52. To the extent the trial court based its decision to exclude the evidence on a violation of Fourth Amendment protections, it erred.

The trial court also found that the warrantless search violated Article 1, section 11 of the Indiana Constitution. While almost identical in wording to the Fourth Amendment, the Indiana Constitution's Search and Seizure clause is given an independent interpretation and application. *Mitchell v. State,* 745 N.E.2d 775, 786 (Ind.2001). To determine whether a search or seizure violates the Indiana Constitution, courts must evaluate the "reasonableness of the police conduct under the totality of the circumstances." *Litchfield*

*v. State,* 824 N.E.2d 356, 359 (Ind.2005) (citing *Moran v. State,* 644 N.E.2d 536, 539 (Ind.1994)). "We believe that the totality of the circumstances requires consideration of both the degree of intrusion into the subject's ordinary activities and the basis upon which the officer selected the subject of the search or seizure." *Id.* at 360.

Our Supreme Court, in *Litchfield,* has summarized the evaluation in the following way:

> In sum, although we recognize there may well be other relevant considerations under the circumstances, we have explained reasonableness of a search or seizure as turning on a balance of: 1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizens' ordinary activities, and 3) the extent of law enforcement needs.

*Id.* at 361.

In *Brown v. State,* 653 N.E.2d 77 (Ind. 1995), the police performed a warrantless search of an unoccupied automobile found parked along the public street in a residential neighborhood and surrounded it with police cars. A witness had seen a similar automobile suspiciously leaving the scene of a robbery the day prior to the warrantless vehicle search at issue. On review of the trial court's denial of the defendant's motion to suppress evidence under the Indiana Constitution, our Supreme Court took into consideration the small likelihood that the car would be moved, that there was no shortage of time or existence of an emergency, and that the police were not engaged in a community caretaking function. *Id.* at 80. Our Supreme Court noted that "Hoosiers regard their automobiles as private and cannot easily abide their uninvited intrusion," and further stated "[w]e are extremely hesitant to countenance their casual violation, even by law enforcement officers who are attempting to solve serious crimes." *Id.* at 80 n. 3. Reversing the trial court's decision, our Supreme Court held the warrantless search was unreasonable and suppressed the evidence obtained during the search explaining that "[o]nly by such suppression can the privacy of all Hoosiers be adequately protected." *Id.* at 80.

Our Supreme Court in *Myers* concluded that the warrantless search of the defendant's vehicle did not violate Article 1, section 11 of the Indiana Constitution. In *Myers,* the defendant's vehicle was parked on private property in the driveway to his residence after a traffic stop. The officer who was issuing the warning to the defendant noted the scent of cologne in the defendant's vehicle, observed defendant's nervousness, was aware of defendant's possible drug activity, and considered the alert given by the narcotics detection dog. The search was conducted while the defendant was present, not under arrest, and was free to drive his vehicle away and dispose of the contraband. Access to a magistrate for the issuance of a search warrant was more difficult for police officers because the search occurred after midnight. Lastly, the vehicle was clearly connected to the defendant who had behaved suspiciously during the traffic stop, and was the subject of the alert of the narcotics detection dog after the canine sweep of the exterior of the vehicle.

The Supreme Court found there was a significant degree of concern, suspicion, or knowledge that a violation had occurred. *Myers,* 839 N.E.2d at 1154. The police knew that defendant had driven the searched vehicle, had exhibited suspicious behavior during a traffic stop, and the narcotics detection dog had alerted to that vehicle. *Id.* at 1154. Although there was an intrusion on the defendant's ordinary

activities, the Supreme Court noted that the intrusion was somewhat lessened in terms of public notice and embarrassment by the hour and place of the search. *Id.* Lastly, the "extent of law enforcement needs" involved a consideration of the availability of a magistrate to issue the warrant, and that if police officers were not blocking the car with their vehicles, the defendant, who was present and not under arrest, could drive it away. *Id.* The Supreme Court concluded that the search in *Myers* did not violate the search and seizure provisions of Article 1, section 11 of the Indiana Constitution. *Id.*

 Guided by those cases and applying the *Litchfield* factors to the present case, we find that the warrantless search did not violate Article 1, section 11 of the Indiana Constitution. The alert by the narcotics detection dog provided a significant "degree of concern, suspicion, or knowledge that a violation ha[d] occurred." *Litchfield*, 824 N.E.2d at 361. Also, the information known to police clearly related to the vehicle to be searched, and there were significant indicators that it contained contraband, thus satisfying the first *Litchfield* factor. Although, unlike the situation in *Myers*, the imposition of an intrusion on the citizen's ordinary activities was not lessened by the hour and place of the search, Hobbs had already been placed under arrest on an unrelated warrant. Evaluating the potential for public notice and embarrassment, although the search here was conducted during Hobbs' working hours at his place of employment, we again note that Hobbs had already been placed under arrest, presumably in the presence of other employees. Analysis of the third *Litchfield* factor, the extent of law enforcement needs, reveals no showing that a magistrate would not have been available in the evening hours to consider the issuance of a warrant, and that Hobbs was under arrest at the time and unable to personally drive the car away. We conclude, after application of the *Litchfield* factors, that the present case is more similar to *Myers*, where the warrantless search was upheld, than it is to *Brown*, where the search was found to be in violation of the Indiana Constitution. Accordingly, the trial court erred when it determined, *sua sponte*, that the warrantless search violated the Indiana Constitution.

Reversed.

NAJAM, J., and BARNES, J., concur.