ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steven E. Ripstra
Jasper, Indiana



# In the
# Indiana Supreme Court

No. 19S01-1001-CR-10

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

JAMES S. HOBBS, IV.,

*Appellee (Defendant below).*

Appeal from the Dubois Superior Court, No. 19D01-0903-CM-175
The Honorable Mark R. McConnell, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 19A01-0904-CR-187

**September 30, 2010**

**Boehm, Justice.**

The defendant was arrested at a public restaurant for an unrelated crime. A drug dog called to sniff the defendant's car in the restaurant's parking lot indicated narcotics in the car. We hold that the Fourth Amendment does not prohibit a warrantless search of an operational vehicle found in a public place if the police have probable cause to believe the vehicle contains evidence of a crime. We also hold that the search was reasonable and did not violate the Indiana Constitution because the defendant was already under arrest and the dog's alert gave the officers probable cause to believe the car contained contraband.

**Factual and Procedural Background**

This is an appeal by the State from the trial court's order dismissing charges for lack of probable cause. The entire record consists of the court's ruling and the probable cause affidavit by the arresting officer. The facts recited in the officer's affidavit are as follow.

On March 13, 2009, state troopers positioned themselves across the street from a Pizza Hut in DuBois County seeking to execute a Pike County felony arrest warrant for James Hobbs whom they believed to be employed at the restaurant. Shortly before 9:15 p.m., the officers observed Hobbs leave the building and place an object in his automobile. Traffic prevented the officers from making an immediate arrest, and by the time the troopers reached the parking lot Hobbs had returned to the restaurant. The arrest was made inside the restaurant and a drug dog was summoned after Hobbs refused consent to search his vehicle. The dog alerted, indicating illegal narcotics, and the troopers then searched the vehicle and discovered a cooler containing two scales, a box of sandwich bags, rolling papers, and marijuana.

Hobbs was charged with possession of marijuana and possession of paraphernalia, both as Class A misdemeanors. At the initial hearing on these charges, the trial court found probable cause, but the next day the court sua sponte ruled that there was no probable cause to detain Hobbs on these charges because the evidence from Hobbs's car had been illegally seized. Specifically, the trial court found that the dog's alert provided probable cause to obtain a search warrant but because no warrant was obtained, the evidence was illegally seized. The trial court ordered the evidence excluded and Hobbs released on those charges. The State appealed.

The Court of Appeals reversed, holding that the dog sniff provided probable cause that supported a warrantless search of Hobbs's vehicle, and the seizure therefore did not violate the Fourth Amendment. There was no violation of Article I, section 11 of the Indiana Constitution because Hobbs was already under arrest, and the dog's alert gave strong indication of the presence of contraband in the vehicle. Under these circumstances, the balance of minimal intrusion against strong basis to believe evidence of a crime rendered the search reasonable. State v. Hobbs, 915 N.E.2d 197, 200, 202 (Ind. Ct. App. 2009). We granted transfer.

**Standard of Review**

We review issues of law incident to rulings on suppression of evidence de novo. <u>Myers v. State</u>, 839 N.E.2d 1146, 1150 (Ind. 2005). The trial court's factual determinations after an evidentiary hearing are reviewed under a clearly erroneous standard, but rulings based solely on a paper record are reviewed de novo. <u>Pigg v. State</u>, 929 N.E.2d 799, 804–05 (Ind. Ct. App. 2010).

## I. Fourth Amendment Claims

Hobbs contends that the warrantless search of his vehicle violated the Fourth Amendment to the United States Constitution. It provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Unless one of several established exceptions applies, law enforcement officers must obtain a warrant based on probable cause before executing a search or a seizure. The parties address several potential exceptions to this requirement. For the reasons explained below, we conclude that the "automobile exception" applied here, but the "search incident to arrest" did not.

### 1. *Search Incident to Arrest*

Hobbs contends that because the arrest occurred inside the Pizza Hut restaurant, away from his vehicle and there was no threat to officer safety, the search of his car was not authorized as a search incident to arrest. We agree. This exception to the warrant requirement was articulated in <u>Chimel v. California</u>, 395 U.S. 752, 761–63 (1969), where the Court identified the "exigencies" attending an arrest that permit law enforcement officers to search the "area into which an arrestee might reach": the need to preserve evidence that might otherwise be destroyed, and concern for the safety of an officer making an arrest. These considerations have specifically been cited to justify warrantless searches of automobiles because the smaller confines of an automobile are "generally, even if not inevitably" within reach of the arrestee. <u>New York v. Belton</u>, 453 U.S. 454, 460 (1981). More recently, in <u>Gant v. Arizona</u>, 129 S. Ct. 1710, 1723

3

(2009), the court made clear that the preservation of evidence justified a warrantless search only if the officer has a reasonable belief that the automobile contains evidence of the crime for which the suspect is being arrested. Here, we agree with Hobbs that neither officer safety nor preservation of evidence justified the search of Hobbs's car as one conducted incident to arrest. Hobbs had already been secured and was not close to the car, so he presented no threat to officer safety. And because the arrest was for a different crime in another county, there was no reasonable belief that evidence of the "crime of arrest" would be found. The exception for searches incident to arrest is therefore inapplicable.

2. *The Automobile Exception*

The "automobile exception" to the warrant requirement allows police to search a vehicle without obtaining a warrant if they have probable cause to believe evidence of a crime will be found in the vehicle. Brinegar v. United States, 338 U.S. 160, 164 (1949); Carroll v. United States, 267 U.S. 132, 153–54 (1925). This doctrine is grounded in two notions: 1) a vehicle is readily moved and therefore the evidence may disappear while a warrant is being obtained, and 2) citizens have lower expectations of privacy in their vehicles than in their homes. California v. Carney, 471 U.S. 386, 391 (1985); South Dakota v. Opperman, 428 U.S. 364, 367 (1976). One reason for this diminished expectation of privacy in a car and its contents is that cars travel along public highways and are subject to pervasive government regulation. Cady v. Dombrowski, 413 U.S. 433, 441 (1973). Most cases addressing the automobile exception arise in the context of an arrest or an investigatory stop of a motorist that gives rise to probable cause, but the exception is grounded in the mobililty of the vehicle and its location in a public area, not on whether the issue arises in the context of an arrest or a traffic stop.

As the Supreme Court of the United States explained in Carney, the exception applies to vehicles that are readily mobile and are found in a non-residential area. 471 U.S. at 392–93. The clear implication is that an operable vehicle found in a residential area may not be searched under this exception, but one located in a non-residential area, whether by reason of a police stop or not, is subject to the exception. The theory underlying the exception for vehicles is that the vehicle is "being used for transportation." Id. at 394. Put another way, a public parking lot is typically an interim destination, but a home's driveway is often the end of that day's travels. We

4

recognize that police might anticipate finding an automobile at a suspect's home. However, permitting the exception to apply where the vehicle may be expected to be found would open the door to warrantless searches where there is no reason to avoid the judicial oversight contemplated by the Fourth Amendment. See Coolidge v. New Hampshire, 403 U.S. 443, 460–64 (1971).

The defendant contends he "was not in any position to control any aspect of the vehicle." But the automobile exception does not require that there be an imminent possibility the vehicle may be driven away. Maryland v. Dyson, 527 U.S. 465, 466–67 (1999) (citing United States v. Ross, 456 U.S. 798, 809 (1982)). Under the exception, an operational vehicle is inherently mobile, whether or not a driver is behind the wheel or has ready access. See Myers, 839 N.E.2d at 1152. With probable cause, this inherent mobility is enough to conduct a warrantless search under the automobile exception. Id. Nothing in the record indicates that Hobbs's vehicle was not operational. Because Hobbs's admittedly mobile vehicle was in the parking area of a restaurant, it was subject to the automobile exception and no warrant was required to search the vehicle if the officers had probable cause to believe it contained evidence of a crime.

Officers are not authorized to detain a person stopped under reasonable suspicion of a crime for a longer period than is required to resolve the suspicion. Illinois v. Caballes, 543 U.S. 405, 407 (2005); Hibbel v. Sixth Judicial Dist. Court of Nev., Humboldt County, 542 U.S. 177, 185 (2004); United States v. Place, 462 U.S. 696, 707–09 (1983); Terry v. Ohio, 392 U.S. 1, 19–20 (1968). But here Hobbs was arrested with probable cause supported by a warrant for a previous unrelated crime. He was not detained based on suspicion of the crimes charged in this case, and his detention was not prolonged at all by the call for the dog or the subsequent search and seizure.

The automobile exception requires probable cause to believe the vehicle contains evidence of a crime. The officers' own observations of Hobbs entering the vehicle and placing something inside gave probable cause to believe the contents of the car were possessed by Hobbs. The subsequent dog sniff provided probable cause that the vehicle contained illicit drugs. Neuhoff v. State, 708 N.E.2d 889, 891 (Ind. Ct. App. 1999); Kenner v. State, 703 N.E.2d 1122, 1125 (Ind. Ct. App. 1999). It is well settled that a dog sniff is not a search protected by the

Fourth Amendment. Caballes, 543 U.S. at 409; Place, 462 U.S. at 707. Accordingly, no degree of suspicion is required to summon the canine unit to the scene to conduct an exterior sniff of the car or to conduct the sniff itself.

In sum, Hobbs's car was an operational vehicle in a public place; the dog sniff was not conducted under circumstances where Hobbs was unconstitutionally seized, and the dog sniff provided probable cause that the car contained evidence of a crime. There therefore was no Fourth Amendment violation in the search of Hobbs's car or the seizure of the contraband found in the car.

### Indiana Constitutional Claim

Hobbs also claims that the warrantless search violated Article I, section 11 of the Indiana Constitution. The text of this provision of the Indiana Constitution is identical to the Fourth Amendment, but the two have been given somewhat different interpretations. Shotts v. State, 925 N.E.2d 719, 726 (Ind. 2010). Conformity of a search to the Indiana Constitution turns on an evaluation of the "reasonableness" of the conduct of the law enforcement officers, not on the expectation of privacy commonly associated with Fourth Amendment analysis. Litchfield v State, 824 N.E.2d 356, 359 (Ind. 2005). Relevant considerations in evaluating reasonableness of a search under all the circumstances include the degree to which the search or seizure disrupts the suspect's normal activities, and those facts and observations that support the officer's decision to initiate the search or seizure. Id. We agree with the Court of Appeals that the officer's actions here were reasonable. There was no disruption of Hobbs's normal activities. At the time the search of his vehicle took place Hobbs was already under arrest for a different crime and would remain in custody whether the search took place or not. Once the dog alerted, the officers had a high degree of confidence that the vehicle contained evidence of a crime, and the same considerations underlying the federal automobile exception support permitting the officers to secure the evidence without delay.

Finally, Hobbs cites Brown v. State, 653 N.E.2d 77, 78–79 (Ind. 1995), where police engaged in a warrantless search of an unoccupied car parked on a public street based on a witness's report that a similar car with a nearly identical license number was seen leaving the scene of a robbery the day before. In that case, however, although the car appeared to be the one

used in the robbery, there was no probable cause to believe the car contained evidence of a crime, and there was no certainty that detaining the car would not inconvenience its owner. The balance of reasonableness was far greater in favor of immediate warrantless search of Hobbs's car.

**Conclusion**

The trial court's finding that the search violated Fourth Amendment and Article I, section 11 of the Indiana Constitution, and its consequent suppression of the fruits of this search are reversed.

Shepard, C.J., and Dickson, J., concur.
Sullivan, J., dissents with separate opinion, which Rucker, J., joins.

**Sullivan, Justice, dissenting.**

I respectfully dissent from the Court's conclusion that the so-called "automobile exception" absolves the police from not obtaining a warrant in this case.

I acknowledge that the cases recite that the automobile exception has two elements – the vehicle in question is "readily mobile" and "operational" – and that those elements are established in this case. But I think the Court reads the precedents too narrowly when it decides the issue on that basis alone.

In every one of the cases cited by the Court and in all of the automobile exception cases that I have reviewed, law enforcement officers' initial contact with a suspect occurs either during a lawful traffic stop or at least in close proximity to the vehicle. Said slightly differently, in all of the cases where the automobile exception to the warrant requirement has been held available, the vehicle in question has been not only readily mobile and operational but also in close proximity to the suspect at the time of initial contact with the police. In <u>Myers v. State</u>, 839 N.E.2d 1146, 1148-49 (Ind. 2005), <u>United States v. Ross</u>, 456 U.S. 798, 801 (1982), and <u>Maryland v. Dyson</u>, 527 U.S. 465, 466 (1999), the police first encountered each defendant during a lawful traffic stop. In <u>Pennsylvania v. Labron</u>, 518 U.S. 938, 939 (1996), the police observed the defendant produce drugs from his car and engage in a series of drug transactions on the street. And in <u>California v. Carney</u>, 471 U.S. 386, 388 (1985), the police first contacted the defendant after he stepped outside in response to a knock on the motor home's door.

Exceptions to general rules, especially to constitutional rules like the warrant requirement, should be narrow, not broad. Defendant's lack of proximity to the automobile at the time of arrest – he was inside his place of employment and the car was parked outside in the lot –should render the automobile exception unavailable. The trial court understood this and granted Defendant's motion to suppress. I would affirm that determination.

Rucker, J., concurs.

1