# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JUNE E. BULES**
Plymouth, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 23 2014, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHARLA P. RICHARD, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 50A03-1307-CR-297 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARSHALL SUPERIOR COURT
The Honorable Robert O. Bowen, Judge
Cause No. 50D01-1201-FD-43

**April 23, 2014**

**OPINION - FOR PUBLICATION**

**SHEPARD, Senior Judge**

When a police dog alerts to the presence of narcotics in a vehicle, does an officer have probable cause to arrest and thus search the vehicle's passenger? On the facts of this case, we answer yes and therefore affirm.

FACTS AND PROCEDURAL HISTORY

On January 24, 2012, Officer John Weir of the Plymouth Police Department was on duty in his squad car with his canine partner Rex, who was trained in narcotics detection. When a vehicle in front of them repeatedly crossed the center line, Officer Weir initiated a traffic stop. Christopher Fields was in the driver's seat, and appellant Charla Richard was in the front passenger seat. Officer Weir recognized both from previous interactions and knew that a warrant had been issued for Fields just the day before.

On the basis of the warrant, Officer Weir arrested Fields and placed him in his squad car. He then retrieved Rex and walked him counterclockwise from the front bumper of the vehicle. Rex alerted at the driver's door.

Officer Weir asked Richard to step out of the vehicle and then called Officer Bridget Hite to the scene so that she could search Richard. In conducting the search, Officer Hite noticed that Richard appeared to favor one side, so she asked her to raise her arm on that side. When Richard did so, a small tin fell out of her shirt onto the ground. The tin held two small plastic baggies containing a white powdery substance later determined to be meth.

The State charged Richard with class D felony possession of methamphetamine.[1] Richard moved to suppress the evidence obtained from the search on both federal and state constitutional grounds. The trial court denied the motion.

In her subsequent bench trial, Richard objected to the meth evidence on the same grounds as in her motion to suppress. The court overruled her objections and found her guilty. She was later sentenced to the advisory term of one and a half years.

## ISSUES

Richard contends the methamphetamine evidence was inadmissible because the search of her person based on the police dog's positive alert violated both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution.

## DISCUSSION AND DECISION

### I. FOURTH AMENDMENT

The Fourth Amendment protects people from unreasonable searches and seizures. Warrantless searches are per se unreasonable under the Fourth Amendment, subject to a few well-delineated exceptions. *Kelly v. State*, 997 N.E.2d 1045, 1050-51 (Ind. 2013). One such exception is for searches incident to a lawful arrest. *Ward v. State*, 903 N.E.2d 946, 957 (Ind. 2009), *adhered to on reh'g*, 908 N.E.2d 595 (2009).

The facts here show that Richard was searched incident to a lawful arrest. Specifically, Rex's positive alert at the driver's door provided probable cause to believe

---

[1] The State also charged her with possession of paraphernalia as a class A infraction, but that charge was dismissed at trial on the State's motion.

3

the vehicle contained illegal drugs. *See State v. Hobbs*, 933 N.E.2d 1281, 1286 (Ind. 2010) ("The subsequent dog sniff provided probable cause that the vehicle contained illicit drugs."). And because there was probable cause to believe the vehicle contained drugs, there was probable cause to believe any of its passengers had at least constructive possession of the drugs.

Richard nonetheless argues that her mere presence as a passenger in the suspected vehicle was not enough to establish probable cause as to her. The U.S. Supreme Court has indicated otherwise. In *Maryland v. Pringle*, 540 U.S. 366, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003), a car occupied by Pringle and two other men was stopped for speeding. In the course of the stop, the officers received consent to search the car and found a large sum of money in the glove compartment and cocaine behind the backseat armrest. When questioned, the men offered no information about who owned the drugs or money. They were arrested.

The sole question addressed by the Supreme Court was whether there was probable cause to believe that Pringle had committed a crime. The unanimous Court concluded: "We think it an entirely reasonable inference from these facts that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine. Thus, a reasonable officer could conclude that there was probable cause to believe Pringle committed the crime of possession of cocaine, either solely or jointly." *Id.* at 372.

In reaching this conclusion, the Court distinguished Pringle's case with a case in which a person was singled out as the guilty party. *See United States v. Di Re*, 332 U.S.

4

581, 68 S. Ct. 222, 92 L. Ed. 210 (1948). In *Di Re*, an informant told an investigator that he was to buy counterfeit gasoline ration coupons from Buttitta at a particular place. The investigator went to the place and saw the informant, holding gasoline ration coupons, in a car with Buttitta and Di Re. Upon questioning, the informant said Buttitta had given him the counterfeit coupons. All three men were arrested. The Supreme Court concluded that there was no probable cause to believe Di Re was involved in the crime: "Any inference that everyone on the scene of a crime is a party to it must disappear if the Government informer singles out the guilty person." *Id.* at 594. *Pringle* distinguished *Di Re* on this basis, saying: "No such singling out occurred in this case; none of the three men provided information with respect to the ownership of the cocaine or money." *Pringle*, 540 U.S. at 374.

Here, Rex's positive alert provided probable cause to believe there were drugs in the vehicle. And there was no indication that Fields, and only Fields, was involved in narcotics activity. It was thus an entirely reasonable inference that any of the vehicle's occupants had at least constructive possession of drugs. Richard's arrest and the subsequent search did not violate the Fourth Amendment.

## II. ARTICLE 1, SECTION 11

Although the language of Article 1, Section 11 of the Indiana Constitution tracks the Fourth Amendment almost verbatim, the state constitutional analysis is different. *Litchfield v. State*, 824 N.E.2d 356, 359 (Ind. 2005). Under the Indiana Constitution, the legality of a governmental search turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. *Id.* Although there may be other

5

relevant considerations, the reasonableness of a search or seizure under the Indiana Constitution generally turns on a balance of: (1) the degree of concern, suspicion, or knowledge that a violation has occurred, (2) the degree of intrusion that the method of the search or seizure imposes on the citizen's ordinary activities, and (3) the extent of law enforcement needs. *Id.* at 361.

Rex gave a positive alert on the vehicle in which Richard was riding. There was thus a high degree of suspicion that Richard actually or constructively possessed illegal drugs. And although any search of a person necessarily intrudes on that person's ordinary activities, there is no evidence or claim that the one here was in any way extensive. When Officer Hite noticed Richard did not want to raise one arm, she ordered her to raise it. When Richard did so, the methamphetamine tin fell out of her shirt onto the ground. Given the minimal nature of the search, the degree of intrusion was slight. Finally, the extent of law enforcement needs was significant. Rex's positive alert for narcotics turned the traffic stop into a narcotics investigation and gave rise to a reasonable belief that Richard had illegal drugs on her person. Based on the totality of the circumstances, the search of Richard was reasonable under the Indiana Constitution.

Because the search did not violate the Fourth Amendment or Article 1, Section 11, there was no error in the admission of the meth evidence at Richard's trial.

## CONCLUSION

We therefore affirm her conviction.

NAJAM, J., and RILEY, J., concur.

6