# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**STEPHEN GERALD GRAY**
Indianapolis, Indiana



FILED
Jul 30 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 29A05-1108-CR-435 |
| | ) | |
| RAYMOND P. COLEMAN, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Daniel J. Pfleging, Judge
Cause No. 29D02-0810-FB-106

**July 30, 2012**

**OPINION - FOR PUBLICATION**

**GARRARD, Senior Judge**

The State moved to dismiss its case against Raymond Coleman after the trial court declined to find the alleged victim unavailable so as to permit the State to enter her deposition testimony into evidence. The trial court granted the motion to dismiss, and the State now appeals the adverse evidentiary ruling. Concluding that the State has no statutory authorization to bring this appeal, we dismiss.

In October 2008, the State charged Coleman with two counts of Class B felony criminal confinement, two counts of Class C felony battery, and one count of Class D felony pointing a firearm for an alleged incident involving Tanya Pender.

Coleman served a subpoena on Pender through the State to take a deposition on November 4, 2010. The State served the subpoena on Pender's mother's house. Pender did not appear for the deposition. The parties agreed that the State would attempt to locate Pender and that the deposition would be rescheduled.

About a week before the May 17, 2011 trial date, the State issued a subpoena to Pender ordering her presence at trial. In addition, the State met with Pender a few days before the trial date. No deposition was scheduled. When the parties appeared in court on May 17, 2011, Coleman moved for a continuance so that he could depose Pender and follow up on any new information she might provide. The trial court granted the motion over the State's objection and reset the trial date for August 9, 2011. The same day, the State gave Pender a subpoena for the new trial date but failed to file a return with the court. Coleman deposed Pender later that day.

On August 9, 2011, Pender did not appear for trial. The jury was selected and sworn, and the parties made opening statements. The State tried to locate Pender for the

second day of trial but was unsuccessful. On August 10, 2011, when Pender again failed to appear, the State asked the court to declare Pender unavailable so that it could enter her deposition testimony into evidence. Coleman objected. After a hearing on the matter, the court declined to find Pender unavailable and therefore would not allow the State to submit Pender's deposition testimony into evidence. After the trial court denied the State's motion to reconsider, the State moved to dismiss, which the court granted.

The State now appeals and asks us to hold that the issuance of a subpoena is not a necessary prerequisite for a finding of unavailability. Coleman responds that the State lacks statutory authorization to appeal. In its reply brief, the State says that it may appeal pursuant to Indiana Code section 35-38-4-2(5) (1983).

Section 35-38-4-2 governs the authority of the State to appeal in criminal matters:

> Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:
> (1) From an order granting a motion to dismiss an indictment or information.
> (2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.
> (3) From an order granting a motion to correct errors.
> (4) Upon a question reserved by the state, if the defendant is acquitted.
> (5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.
> (6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:
>> (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;
>> (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

3

(C) the remedy by appeal after judgment is otherwise inadequate.

The State's right to appeal in a criminal matter is statutory, and the State cannot appeal unless given that statutory authorization by the legislature. *State v. Brunner*, 947 N.E.2d 411, 415 (Ind. 2011). The State's statutory right of appeal is in contravention of common law principles and is therefore strictly construed. *State v. Pease*, 531 N.E.2d 1207, 1208 (Ind. Ct. App. 1988).

The State contends that the provision governing this appeal is the statutory authorization to appeal "[f]rom an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution." Ind. Code § 35-38-4-2(5). However, Coleman did not file a motion to suppress evidence. Instead, he objected to Pender's deposition testimony in part on the basis that she was not an unavailable witness. The State nonetheless argues that the ultimate effect of the trial court's rejection of its request to declare Pender unavailable was to preclude further prosecution. This may be so. However, in light of the clear language of the statute, we are not at liberty to conclude that the legislature has authorized the State to appeal any adverse evidentiary ruling that deals a fatal blow to the State's case.

The State also points to *State v. Hobbs*, 933 N.E.2d 1281 (Ind. 2010), in support of its appeal. In that case, the trial court, at an initial hearing, found probable cause for the defendant's arrest. The next day, the court sua sponte ruled that there was no probable cause because the evidence from the defendant's car had been illegally seized. It

4

therefore ordered the evidence excluded and the defendant released. The State appealed, and this Court and then our Supreme Court reviewed the case on its merits.

We note several distinctions between this case and *Hobbs*. Initially, we observe that apparently no question of legal error[1] regarding the requisite statutory authorization was raised in the case, since neither this Court's decision, *State v. Hobbs*, 915 N.E.2d 197 (Ind. Ct. App. 2009), *trans. granted*, nor our Supreme Court's opinion mention the State's right to appeal. Accordingly, any error would be waived.

Moreover, the Supreme Court apparently treated the issue in *Hobbs* as a suppression of the evidence since it began by "review[ing] issues of law incident to rulings on suppression of evidence." 933 N.E.2d at 1284. Indeed, the trial court's action in excluding the evidence in *Hobbs* was a suppression of that evidence prior to commencement of trial.

Thus, *Hobbs* is quite unlike the present case where trial commenced, the State offered the deposition, the defendant objected, and the court simply sustained the objection. We find that the Supreme Court's decision in *Hobbs* is inapposite.

For the reasons stated, we dismiss the attempted appeal.

Dismissed.

NAJAM, J., and BRADFORD, J., concur.

---

[1] *See K.S. v. State*, 849 N.E.2d 538, 541-42 (Ind. 2006) (discarding the prior concept of jurisdiction of the particular case).

5