


FILED

Jun 14 2024, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

State of Indiana,

*Appellant-Plaintiff / Cross-Appellee*

v.

Jeffrey Tyree,

*Appellee-Defendant / Cross-Appellant*

---

June 14, 2024

Court of Appeals Case No.
23A-CR-2153

Appeal from the Marion Superior Court

The Honorable Marshelle Dawkins Broadwell, Judge

Trial Court Cause No.
49D07-2207-F5-19170

---

**Opinion by Judge Crone**
Judges Bailey and Pyle concur.

**Crone, Judge.**

## Case Summary

[1] The State charged Jeffrey Tyree with criminally confining and sexually battering K.H. Tyree issued three subpoenas for K.H. to appear for a taped statement, but K.H. failed to appear. Tyree filed a motion to exclude K.H.'s testimony, and the State filed a motion to set a rule to show cause hearing. The trial court held a hearing on the motions, at which K.H. testified regarding her failures to appear, and the court granted Tyree's motion to exclude. The State dismissed the charges against Tyree and filed an appeal pursuant to Indiana Code Section 35-38-4-2(a)(5), which authorizes the State to take an appeal as of right "[f]rom an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution of one (1) or more counts of an information or indictment." Tyree filed a motion to dismiss the appeal on the basis that the State is challenging a discovery sanction and not an order on a motion to suppress. The motions panel of this Court denied Tyree's motion.

[2] On appeal, the State argues that the trial court abused its discretion in granting Tyree's motion to exclude K.H.'s testimony. On cross-appeal, Tyree renews his argument to dismiss the State's appeal. We conclude that the State's appeal is authorized by Section 35-38-4-2(a)(5) because Tyree's motion was a motion to suppress K.H.'s testimony. We further conclude that the trial court abused its discretion in granting Tyree's motion to exclude and K.H.'s statement could have been taken during or after the hearing. Consequently, we reverse and remand for further proceedings.

## Facts and Procedural History

[3] On July 18, 2022, the State filed a charging information alleging that Tyree committed one count of level 5 felony criminal confinement and two counts of level 6 felony sexual battery against K.H. in May 2022. Tyree was arrested the next day and held on a $50,000 bond.

[4] On January 19, 2023, Tyree filed a notice of intent to take K.H.'s taped statement on February 10. But Tyree did not issue a subpoena for that date, and no statement was taken. On June 16, Tyree filed a notice of intent to take K.H.'s taped statement on June 30 and issued a subpoena to K.H., in care of the Marion County Prosecutor's Office, "command[ing]" her to appear on that date. Appellant's App. Vol. 2 at 56.[1] K.H. did not appear. On July 25, Tyree filed a notice of intent to take K.H.'s taped statement on August 4 and issued another subpoena. Again, K.H. did not appear. And on August 7, Tyree filed a notice of intent to take K.H.'s taped statement on August 10 and issued a third subpoena. Once more, K.H. did not appear.

[5] On August 10, Tyree filed a motion to exclude K.H.'s testimony "as a sanction for the failure to appear for taped statements[.]" *Id.* at 64. Tyree asserted that K.H.'s failures to appear had "subjected [him] to prejudice by delaying these proceedings, and has protracted the amount of time [he] has had to face open

---

[1] This subpoena, which is captioned, "State of Indiana v. Jeffrey Tyree[,]" indicates that K.H. would "testify regarding a certain case pending in [the trial court], wherein the State of Indiana is plaintiff, and Jeremiah Walton is Defendant[.]" Appellant's App. Vol. 2 at 56 (capitalization altered). The other subpoenas name Tyree as the defendant.

charges or choose to forego his right to effective representation to resolve this matter more expediently." *Id*. Tyree cited no legal basis or authority for his motion.

[6] Also on August 10, the State filed a motion to set a rule to show cause hearing that reads in pertinent part as follows:

> 4. Defense Counsel submitted a Notice of Taped Statement and Subpoena to the State to serve upon [K.H.] on June 16, 2023.
>
> 5. That Notice and Subpoena was sent out via US Mail on June 20, 2023.
>
> 6. That notice has been returned as undeliverable and the above witness received no notice of the subpoena.
>
> 7. Defense Counsel submitted a Notice of Taped Statement and Subpoena to the State to serve upon the above witness on July 25, 2023.
>
> 8. On July 26, 2023 the undersigned hand served the above witness the Notice of Taped Statement and Subpoena at her last known residence, and confirmed her plans for attendance.
>
> 9. On August 04, 2023 the State was advised the above witness would be unavailable for the Taped Statement, as planned later that day, but would be available "any time next week". The State so advised the Defense.
>
> 10. Defense Counsel submitted a Notice of Taped Statement and Subpoena to the State to serve upon the above witness on August 07, 2023.
>
> 11. On August 09, 2023 the undersigned left a copy of the Notice and Subpoena at the last known residence of the above witness

due to no answer when the undersigned knocked at the door.

12. The State is unable to confirm at this time whether the above witness received the Notice and Subpoena prior to the Taped Statement setting.

13. The State of Indiana respectfully requests that this matter be set for a Rule to Show Cause hearing to which the above witness can be subpoenaed to explain to the Court why the previous subpoenas were not answered.

*Id*. at 65-66.

[7] The trial court set a hearing on both motions for August 24. On that date, the deputy prosecutor told the court that K.H. was in Kentucky due to a family emergency, and he asked for "additional time in order to take [her] statement[.]" Tr. Vol. 2 at 9. The court agreed to continue the hearing and stated, "I understand that [K.H.] can't be here today, but she's gonna … have to come in person to testify[.]… I'll make a ruling after that. Defense can find out why she didn't appear, and she can be placed under oath, while she is here to answer those questions." *Id*. at 10. The deputy prosecutor stated that he had "confirmed [K.H.'s] availability" for September 5 and suggested that "if she does appear that day in the court setting, we could just take statements in the conference room, like we've done before." *Id*. The court asked Tyree's stand-in counsel if that would "be acceptable[,]" and she replied, "That should be fine, Judge." *Id*. at 11. The deputy prosecutor stated, "I'll subpoena her for the hearing, and I'll inform her that, that will also act as potentially a subpoena for

taped statements." *Id*.[2] The court stated, "I will go ahead and then set it for September 5th at 10:00, and then we'll see what happens, okay?" *Id*.

[8] K.H. appeared for the hearing on September 5. Tyree's counsel told the trial court that he "would not withdraw" the motion to exclude and further stated,

> [Tyree's] been in custody for months while I try to get [K.H.] in to have this taped statement. I know we could do it today, but if you're not willing to grant-if the court isn't willing to grant the exclusion, I understand it's an extreme … remedy to a situation like this, but at the same time my client's freedom has been impinged, as I've spent that last two (2) months trying to get this to happen.

*Id*. at 15-16.

[9] The deputy prosecutor responded,

> If the court were to entertain testimony from [K.H.], she could explain that delay, that was the purpose of the Show Cause Hearing. But the state does not believe that is necessarily necessary for you to find and deny-find a denial for the exclusion motion. It is an extreme remedy. It is a remedy that is available when the State is negligent in its attempts to bring a person into statements, for discovery in this case. She's here, she's ready to give statements, and that is not the case.

*Id*. at 16. The court asked the deputy prosecutor if he wanted to call K.H. to testify about the "delay, and why she wasn't here earlier[.]" *Id*. He replied, "If

---

[2] The chronological case summary does not indicate that the State actually subpoenaed K.H.

your Honor believes that will be helpful for your ruling I am happy to." *Id*. The court responded affirmatively and placed K.H. under oath.

[10] K.H. testified that she had met with the deputy prosecutor "a couple of times" and that he had come to her house "because of [him] not being able to get in touch with [her] because [her] … numbers was changed." *Id*. at 17. At that time, they "discussed a taped statement" and "when that taped statement … would be[.]" *Id*. She testified that she did not attend that statement— apparently, the second statement—because her "brother had to go through open heart surgery" and that he was "no longer alive." *Id*. at 17, 18. K.H. recalled that the deputy prosecutor told her that his office "would set another statement[,]" but she could not remember whether she received a notification about it. *Id*. at 18. She acknowledged that she did not attend that statement because she "was out of town.… [d]ue to [her] brother." *Id*. She testified that she later contacted the prosecutor's office "by phone" and had remained in contact. *Id*. at 19. Previously, K.H. did not have the deputy prosecutor's phone number and "was out of minutes for a while[,]" which meant that she was unable to make and receive phone calls and texts. *Id*.

[11] Tyree's counsel asked no questions of K.H. and offered no evidence. Upon questioning by the court, K.H. admitted that she did not tell the deputy prosecutor that she was going to be out of town on the date of the "second setting" and explained, "I did not have the paperwork with me. I was, my brother got in that accident, and then he had open heart surgery, and I just left didn't even think about it." *Id*. at 20. She testified that when she "didn't have

minutes on [her] phone," her family communicated with her via her friend "about the family situation[.]" *Id.*

[12] At the conclusion of K.H.'s testimony, the trial court heard argument from the parties. Tyree's counsel stated,

> I understand that personal hardship happens, but there were three (3) attempts, the Show Cause Hearing, and now this 5th hearing. I learned the morning of that they have contact for real. I thought they'd had it at the last hearing. I'd received no notice of the medical emergency until like day of that, uh the second setting for the taped statement. [W]e quickly set it around for August 10th and before that June 13th. I don't even have a notice of why that first appearance didn't happen. At this point, I have not even had a chance to know how we would prepare for trial. Because they don't have all statements, and I've been trying, and I've been trying[], and I've been trying. So, we would not withdraw from our Motion to Exclude. We think that at this point he's been prejudiced and we[']re going to ask for the testimony to be excluded.

*Id.* at 20-21.

[13] The deputy prosecutor responded,

> At this point the State believes it has shown good cause for failure to make the three (3) taped statement attempts. We would note that the third taped statement attempt was set with a waiver of the fifteen-day notice as a courtesy, with the belief that [K.H.] would be available for that week, and communication did drop off. We are in good communication, I am assured that she has a number of minutes at this time, that she is now in good contact with her family and has good family support. We would also note that it is believed that she is intending to move out of the

state in the upcoming weeks. We do have a good new address for her. However, if the Defense is interested in taking a statement, today is the day.

*Id.* at 21. The court then granted Tyree's motion to exclude over the State's objection and without explanation. The State filed a motion to reconsider, which the trial court summarily denied.

[14] On September 14, 2023, the State filed a notice of appeal from the trial court's order granting Tyree's motion to exclude, which it characterized as a final judgment. Appellant's App. Vol. 2 at 81. The next day, the State filed a motion to dismiss all counts against Tyree, which the trial court granted. In December 2023, Tyree filed a motion to dismiss the State's appeal on the basis that it is not authorized by statute. The State filed a response to Tyree's motion. In January 2024, the motions panel of this Court denied Tyree's motion to dismiss.

## Discussion and Decision

## Section 1 – Indiana Code Section 35-38-4-2(a)(5) authorizes the State to appeal the trial court's order granting Tyree's motion to exclude K.H.'s testimony.

[15] Because it is potentially dispositive, we first address Tyree's argument on cross-appeal that this appeal should be dismissed because the State lacks statutory authority to appeal the trial court's order granting his motion to exclude K.H.'s testimony. "[A] writing panel has the inherent authority to reconsider any decision of the motions panel while an appeal remains pending." *Milbank Ins. Co. v. Ind. Ins. Co.*, 56 N.E.3d 1222, 1226 (Ind. Ct. App. 2016). "We are

reluctant to overrule orders issued by the motions panel unless we have determined that there is clear authority establishing that the motions panel erred." *Robertson v. Robertson*, 60 N.E.3d 1085, 1089 (Ind. Ct. App. 2016). No such authority exists here.

[16] Our supreme court has explained that "[t]he right of the State to appeal in a criminal matter is statutory, and the State cannot appeal unless given that statutory authorization by the legislature." *State v. Brunner*, 947 N.E.2d 411, 415 (Ind. 2011). This right "is in contravention of common law principles and will, therefore, be strictly construed." *State v. Holland*, 403 N.E.2d 832, 833 (Ind. 1980). We review the issue de novo. *State v. Brown*, 70 N.E.3d 331, 333 (Ind. 2017).

[17] Indiana Code Section 35-38-4-2 governs this matter and reads as follows:

> (a) Appeals to the supreme court or to the court of appeals, as provided by court rules, may be taken by the state as of right in the following cases:
>
>> (1) From an order granting a motion to dismiss one (1) or more counts of an indictment or information.
>>
>> (2) From an order granting a motion to discharge a defendant before trial for any reason, including delay commencing trial or after the defendant's plea of former jeopardy.
>>
>> (3) From an order granting a motion to correct errors.
>>
>> (4) Upon a question reserved by the state, if the defendant

is acquitted.

(5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution of one (1) or more counts of an information or indictment.

(b) The state may appeal an interlocutory order to the supreme court or to the court of appeals, as provided by court rules, if the trial court certifies the appeal and the court on appeal finds that:

(1) the state will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

(2) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

(3) the remedy by appeal after judgment is otherwise inadequate.

(c) An interlocutory order that may be appealed by the state under subsection (b) includes but is not limited to:

(1) any order granting a motion to suppress evidence that is substantially important to the prosecution and does not have the ultimate effect of precluding further prosecution; and

(2) any discovery order claimed to violate a court rule, statute, or case law.

Although the State did not so specify in its notice of appeal, it has clarified in its brief that it brought this appeal pursuant to Section 35-38-4-2(a)(5). The State also asserts that the trial court's order precludes further prosecution, which Tyree does not dispute.

[18] Tyree contends that "[t]his appeal does not address a motion to suppress" and quotes a legal dictionary's definition of that term: "A request that the court prohibit the introduction of illegally obtained evidence at a criminal trial." Appellee's Br. at 11 (quoting *Motion to Suppress, Black's Law Dictionary* (11th ed. 2019)). Tyree further argues, "Under the plain text of the statute, a request for a discovery sanction is not a motion to suppress." *Id.*

[19] We must decline Tyree's invitation to read Section 35-38-4-2(a)(5) so narrowly. It is well settled that "[a]bsent a manifest legislative intent that words employed in a statute are to be given a technical or limited meaning, words are to be given their plain, ordinary, and usual meaning." *Beach v. State*, 411 N.E.2d 363, 364 (Ind. Ct. App. 1980). Also, "it is just as important to recognize what the statute does not say as it is to recognize what it does say." *N.D.F. v. State*, 775 N.E.2d 1085, 1088 (Ind. 2002). The plain text of the statute does not suggest that the legislature intended for "motion to suppress" to be a term of art applying only to motions alleging violations of the Fourth Amendment to the United States Constitution or Article 1, Section 11 of the Indiana Constitution, which govern searches and seizures. We agree with the State that "the statute focuses on the effect of the trial court's ruling: whether the ruling on the defendant's motion prevents the State from presenting evidence necessary to prove its case."

Appellant's Reply Br. at 8. And that is precisely what the trial court's ruling on Tyree's motion to exclude K.H.'s testimony does here. Accordingly, we affirm our motions panel's denial of Tyree's motion to dismiss this appeal.[3]

## Section 2 – The trial court abused its discretion in granting Tyree's motion to exclude K.H.'s testimony.

[20] We now address the State's argument that the trial court improperly granted Tyree's motion to exclude K.H.'s testimony. "Trial courts are given wide discretionary latitude in discovery matters and their rulings will be given deference on appeal." *Williams v. State*, 714 N.E.2d 644, 649 (Ind. 1999), *cert. denied*. We review such rulings only for an abuse of that discretion. *Rosenbaum v. State*, 193 N.E.3d 417, 425 (Ind. Ct. App. 2022), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Plouch v. State*, 222 N.E.3d 357, 360 (Ind.

---

[3] We are unpersuaded by Tyree's reliance on *State v. Coleman*, 971 N.E.2d 209 (Ind. Ct. App. 2012), to support his argument that the motion to exclude K.H.'s testimony was more akin to a request for a discovery sanction than a motion to suppress evidence, and thus not appealable by the State. In *Coleman*, after the victim failed to appear for the first three days of trial, the State asked the trial court to declare her unavailable "so that it could enter her deposition testimony into evidence." *Id.* at 210. Coleman objected, and the trial court declined to find the victim unavailable and admit her deposition testimony. The State then moved to dismiss, which the trial court granted. The State appealed pursuant to what is now Section 35-38-4-2(a)(5). Another panel of this Court dismissed the appeal, noting that Coleman "did not file a motion to suppress evidence" but instead "objected to [the victim's] deposition testimony in part on the basis that she was not an unavailable witness." *Coleman*, 971 N.E.2d at 211. In response to the State's argument that "the ultimate effect of the trial court's rejection of its request to declare [the victim] unavailable was to preclude further prosecution[,]" the panel stated, "in light of the clear language of the statute, we are not at liberty to conclude that the legislature has authorized the State to appeal any adverse evidentiary ruling that deals a fatal blow to the State's case." *Id.* The panel added that in Coleman's case, "the trial commenced, the State offered the deposition, the defendant objected, and the court simply sustained the objection." *Id.* at 212. Here, by contrast, Tyree *did* file a motion, the intent and effect of which was to suppress K.H.'s testimony at trial, and thus the State's appeal from the trial court's order granting that motion is authorized pursuant to Section 35-38-4-2(a)(5).

Ct. App. 2023). "Where there has been a failure to comply with discovery procedures, the trial judge is usually in the best position to determine the dictates of fundamental fairness and whether any resulting harm can be eliminated or satisfactorily alleviated." *Vanway v. State*, 541 N.E.2d 523, 526-27 (Ind. 1989). Exclusion of evidence is "[t]he most extreme sanction" and is appropriate only when it avoids substantial prejudice to the defendant's rights. *Wiseheart v. State*, 491 N.E.2d 985, 991, 988 (Ind. 1986).

[21] We reiterate that Tyree cited no legal basis or authority for his motion to exclude K.H.'s testimony[4] and that the trial court granted the motion without explanation. Moreover, even though it was Tyree's burden as the movant to establish sufficient grounds for relief, he asked no questions of K.H. and offered no evidence. Yet, in his brief, Tyree complains that K.H.'s testimony "was brief and lacked details" about "when she talked to the prosecutor, when she received subpoenas or notice of taped statements, when her brother was in an accident, when she left Marion County, or when she returned." Appellee's Br. at 20.

[22] Regarding any evidentiary deficiencies, such as whether and why the first subpoena was actually returned as undeliverable and whether K.H. actually received the other two subpoenas, Tyree has only himself to blame. As the State points out, "Tyree's motion to exclude was his first attempt at seeking judicial

---

[4] On appeal, Tyree cites Indiana Trial Rule 37(D), which authorizes sanctions for a *party's* failure to appear for a deposition. K.H. is not a party to this case.

intervention in K.H.'s failure to attend the taped meetings" and that the trial court "did not even attempt to explore other less-extreme remedies[,]" such as admonishing K.H. that she would be held in contempt if she disobeyed any future subpoenas. Appellant's Br. at 12-13.

[23] The State further observes, and we agree, that "because K.H. was in the courtroom for the hearing on the parties' motions, Tyree could have taken her taped statement immediately after the hearing, or the trial court could have permitted Tyree to take her statement on the stand during the hearing." *Id.* At that point, Tyree had not even requested a trial date, and any harm resulting from the relatively brief discovery delay could have been satisfactorily alleviated on the spot. Although the trial court might not have been satisfied with K.H.'s reasons for her failures to appear, exercising the nuclear option of excluding her testimony, and thus precluding further prosecution of Tyree, was against the logic and effect of the attendant facts and circumstances. We conclude that the trial court abused its discretion in granting Tyree's motion to exclude, so we reverse and remand for further proceedings.

[24] Reversed and remanded.

Bailey, J., and Pyle, J., concur.

ATTORNEYS FOR APPELLANT

Theodore E. Rokita
Indiana Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana


ATTORNEY FOR APPELLEE

Joshua Vincent
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana